UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-Civ-22789-COOKE/TORRES

S.O.S. RESOURCE SERVICES, INC.,

    Plaintiff,

vs.

ROBERT DENNIS BOWERS, an individual, DAVID DANIELS, an individual, PATRICIA BATHURST, an individual, OMNI BENEFITS GROUP, INC., NATIONAL HEALTH PARTNERS, INC., and LIFEFORCE TECHNOLOGIES, INC.,

    Defendants.
_____/

## OMNIBUS ORDER

THIS MATTER is before me on Defendants' Joint Motion to Strike Plaintiff's Expert Witness Disclosure and to Exclude Expert Witness Testimony ("Motion to Strike Expert Witness Disclosure") (ECF No. 46) and on Third Party Defendant's Motion to Strike Omni Benefits Group's Third Party Claim or Alternatively to Dismiss the Third Party Claim for Lack of Jurisdiction ("Motion to Strike Third Party Claim") (ECF No. 47). I have reviewed the arguments, the record, and the relevant legal authorities pertaining to both Motions. I will address each Motion in turn.

    **I. Motion to Strike Plaintiff's Expert Witness Disclosure**

In their Motion to Strike Plaintiff's Expert Witness Disclosure, Defendants seek to strike and exclude from trial those experts whose disclosures do not comport with the deadlines set forth in my Scheduling Order.

To better understand the relief Defendants seek, a brief review of the relevant deadlines pertaining to the disclosure of experts is necessary. Plaintiff filed its Complaint on July 29, 2014 (ECF No. 1). Pursuant to my Order Setting Civil Trial Date and Pretrial Deadlines (ECF No. 27), entered on November 17, 2014, Plaintiff was required to furnish Defendants with its expert witness list, along with the summaries and reports required under

Federal Rule of Civil Procedure 26(a)(2), by July 10, 2015. Defendant was to furnish the same to Plaintiff on or before July 17, 2015. All expert discovery was to be complete by August 13, 2015.

Defendants filed potentially case dispositive motions to dismiss in September 2014, which became ripe in October 2014. I entered my Order granting in part and denying in part Defendants' motions to dismiss (ECF No. 31) on May 21, 2015. In the interim, the Defendants filed an unopposed Motion for Continuance of Pretrial Deadlines Pending the Court's Ruling on Defendants' Motion to Dismiss Action (ECF No. 29) on March 11, 2015, which I denied. The parties then filed a Joint Motion for Continuance of Pretrial Deadlines (ECF No. 33) on June 14, 2015, which stated that "[d]ue to the fact that the Motion to Dismiss had been pending for a substantial period of time, the parties had largely abstained from conducting discovery in an effort to avoid unnecessary attorneys' fees and travel costs." The parties sought a thirty-day continuance of all pretrial deadlines, which I denied with the caveat that parties were free to conduct discovery beyond the discovery deadline, but without Court intervention. *See* Endorsed Order, ECF No. 35.

On July 17, 2015, Defendants Robert Dennis Bowers, Omni Benefits Group, Inc., and Lifeforce Technologies, Inc. collectively filed an Unopposed Motion for Enlargement of Time to Furnish Parties With Expert Witness List (ECF No. 38), which I granted in part for good cause shown. Defendants had through July 24, 2015 by which to furnish parties with their expert witness list. *See* Endorsed Order, ECF No. 41. Subsequently, on August 16, 2015, nearly two months after the close of fact discovery, Plaintiff filed a Motion to Compel Production of Documents (ECF No. 43), which Judge Torres denied:

> The motion to compel is Denied as quite untimely under the Court's Scheduling Order. The requests at issue were served only two days prior to the discovery cutoff which left Defendant no time to respond within the cutoff. Moreover, the motion itself was filed two months after the cutoff. And, no showing or good cause of any kind was set forth in the motion why these requests could not or should not have been served well before the cutoff date, especially given the claim that the requested information is essential to Plaintiff's case.

Order, ECF No. 45. Thereafter, Defendants Robert Dennis Bowers, Patricia Bathurst, Omni Benefits Group, Inc., National Health Partners, Inc., and Lifeforce Technologies, Inc. filed their Motion to Strike Expert Witness Disclosure (ECF No. 46). Defendants argue

that Plaintiff's expert witness disclosure must be stricken pursuant to Federal Rule of Civil Procedure 37(c)(1) as incomplete. More specifically, Defendants argue that Plaintiff's expert witness disclosure fails to comply with Federal Rule of Civil Procedure 26(a)(2) in that it is unsigned, includes neither a report nor any actual opinions or exhibits, and fails to provide the facts or data upon which the expert's opinions are based. Defendants state that they would be "severely prejudiced by allowing Plaintiff's witness to testify under such circumstances" because Defendants cannot prepare for a meaningful cross-examination or identify rebuttal witnesses. Def's Mot. Strike 4. Defendants also state that a deposition would not remedy Plaintiff's incomplete disclosure since Defendants are precluded from deposing any expert witness without first being in possession of the expert witness's report, pursuant to Federal Rule of Civil Procedure 26(b)(4)(A). *See id.*

In response, Plaintiff states that Defendants' "non-production of documents related to revenues and profitability of the CareExpress Product" had the effect of "depriving Plaintiff of its right to due process and its right to retain and rely upon its expert witness." Pl.'s Resp. 4. Plaintiff further states that "[t]his circumstance is unduly prejudicial to the Plaintiff, especially under the instant circumstances where both parties have on multiple occasions moved this Court to extend the deadline to conduct discovery." *Id.* Plaintiff then requests that this Court enter an order compelling Defendant National Health Partners, Inc. to produce documents responsive to Plaintiff's second request to produce. *Id.* at 5.

### A. Legal Standard

Federal Rule of Civil Procedure 26(a)(2)(A) provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). This disclosure must include "a written report—prepared and signed by the witness…[which] must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them…" Fed. R. Civ. P. 26(a)(2)(B). This disclosure must also be made "at the times and in the sequence that the court orders [ ] [or] absent a stipulation or court order … at least 90 days before the date set for trial[.]" Fed. R. Civ. P. 26(a)(2)(D).

Federal Rule of Civil Procedure 37 states that [i]f a party fails to provide the

information required by Rule 26, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Substantial justification is "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 682 (M.D. Fla. 2010). A failure to timely make the required disclosures is harmless when there is no prejudice to the party entitled to receive disclosure. *Id.* at 683. The party failing to comply with Rule 26(a) bears the burden of establishing that its nondisclosure was either substantially justified or harmless. *Id.*

### B. Analysis

After thoroughly reviewing the record and the arguments presented by both sides, I do not find that Plaintiff's failure to timely and completely disclose its expert witness report is substantially justified or harmless. Plaintiff assigns blame to this Court for the Court's delayed ruling on Defendants' motion to dismiss, but completely fails to take responsibility for its own discovery failings throughout this case. First, Plaintiff unilaterally decided to abstain from participating in discovery without this Court's knowledge, and did not file for a continuance of pretrial deadlines until June 15, 2015, four days before the close of fact discovery. Second, Plaintiff alleges that Defendant National Health Partners, Inc. has acted in bad faith by withholding documents that are critical to Plaintiff's case, however Plaintiff only requested these supposedly case-critical documents on June 15, 2015, four days before the close of fact discovery. Third, Plaintiff did not seek any court relief when it became clear that Defendant was not going to respond to Plaintiff's request. Plaintiff only filed a motion to compel production of documents on August 16, 2015, which Judge Torres rejected as untimely and without good cause. Fourth, as Judge Torres pointed out in his Order, Plaintiff's delay in serving its requests and seeking court intervention to enforce its requests is especially confusing given Plaintiff's claim that the requested information is essential to Plaintiff's case. Finally, Plaintiff only retained its expert witness on July 10, 2015, the day that its expert witness reports were due under the Court's Scheduling Order.

Thus, a review of Plaintiff's behavior during the course of discovery in this case reveals that Plaintiff's issues cannot be attributed to anyone except for Plaintiff. A court can only assist those parties who help themselves, and here, the record indisputably

demonstrates that Plaintiff was its own worst enemy. Had Plaintiff complied with this Court's Scheduling Order, timely served requests for production on Defendants, timely requested relief from this Court in the form of a motion to compel, and timely designated an expert witness, Plaintiff would not be in this situation. As Plaintiff has not fully and completely disclosed its expert witness reports to Defendants in line with Federal Rule of Civil Procedure 26(a) and because Plaintiff has completely failed to abide by the deadlines set forth in this Court's Scheduling Order, I find that Defendants would be unduly prejudiced if Plaintiff were allowed to rely on its proposed expert witness, Alexander Fernandez. Therefore, Defendants' Motion to Strike Expert Witness Disclosure is granted.

## II. Motion to Strike Third Party Claims

Third Party Defendant Salvatore Russo ("Third Party Defendant" or "Mr. Russo") filed a Motion to Strike Third Party Claims on the grounds that Mr. Russo was improperly added to this litigation well beyond the Court's joinder of parties' deadline and two months after the fact discovery deadline. Additionally, Mr. Russo erroneously argues that this Court lacks jurisdiction to entertain the claims brought against him due to lack of supplemental jurisdiction.

However, as Defendant Omni Benefits Group, Inc. points out in its Response brief, its claim involving Mr. Russo is a compulsory counterclaim under Federal Rule of Civil Procedure 13(a), and joinder of a third party to that compulsory counterclaim is permissible under Federal Rules of Civil Procedure 13(h) and 19(a). As many courts have found, a court may exercise supplemental jurisdiction over a party, pursuant to 28 U.S.C. § 1367, even when doing so would destroy diversity, when that party is a party to a compulsory counterclaim. *See* 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1436 (3d ed. 1998) (referencing persons brought into an action under Rule 13(h) as parties to a compulsory counterclaim, "a party can be added for purposes of adjudicating those claims without regard to the party's citizenship or to whether the party is joined pursuant to Rule 19 or Rule 20, since the party's presence will not be deemed to destroy the court's existing jurisdiction.").

Additionally, Defendant Omni Benefits Group, Inc.'s joinder of Mr. Russo was proper pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), which states that a party has fourteen days after a court rules on a motion within which to serve a responsive

pleading. I ruled on Defendant's motions to dismiss on May 21, 2015 and Defendant Omni filed its answer, affirmative defenses, and counterclaims on June 4, 2015. I do not believe that Defendant Omni's addition of Mr. Russo to this litigation will result in any prejudice to Mr. Russo in terms of defending against the claims alleged because, as the president of Plaintiff S.O.S., Mr. Russo presumably has access to the discovery gathered by Plaintiff S.O.S. Therefore, Mr. Russo's Motion to Strike Third Party Claim is denied.

### III. Conclusion

For the foregoing reasons, it is **ORDERED and ADJUDGED** that:

1. Defendants' Joint Motion to Strike Plaintiff's Expert Witness Disclosure and to Exclude Expert Witness Testimony (ECF No. 46) is **GRANTED**.

2. Third Party Defendant's Motion to Strike Omni Benefits Group's Third Party Claim or Alternatively to Dismiss the Third Party Claim for Lack of Jurisdiction (ECF No. 47) is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 4th day of November 2015.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Counsel of Record*